UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

SETH A. SMITH                                    CIVIL ACTION

VERSUS                                           NUMBER: 06-1231

N. BURL CAIN, WARDEN,                            SECTION: "B"(5)
LOUISIANA STATE PENITENTIARY


                    **REPORT AND RECOMMENDATION**


     Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Seth A. Smith, the State's response thereto, and Smith's traverse to the State's response. (Rec. docs. 1, 6, 7). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Smith's application be dismissed with prejudice.

     Petitioner Smith is a state prisoner who is presently incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On August 11, 1998, Smith was found guilty of second

degree murder after trial, by jury, in the Criminal District Court for the Parish of Orleans, State of Louisiana. On January 20, 1999, Smith was sentenced to life imprisonment without benefit of parole, probation, or suspension of sentence. Smith directly appealed his conviction and sentence to the Louisiana Fourth Circuit Court of Appeal which affirmed same in an unpublished opinion on January 24, 2001. State v. Smith, 786 So.2d 981 (La. App. 4th Cir. 2001)(table). Writs were denied by the Louisiana Supreme Court on March 15, 2002. State v. Smith, 816 So.2d 896 (La.), recon. denied, 816 So.2d 863 (La. 2002). Smith's conviction became final ninety days later when the delays for seeking a writ of certiorari from the U.S. Supreme Court expired and no application therefor was made. See Louisiana Supreme Court Rule X, §5(a); Williams v. Cain, 217 F.3d 303, 308 (5th Cir. 2000).

Thereafter, on September 25, 2002, Smith executed a pleading he denominated as a motion to quash indictment/motion for new trial which was subsequently denied by the trial court on October 18, 2002. Following that denial, Smith took no action to challenge his conviction or sentence until March 3, 2004, almost seventeen months later, when he signed a post-conviction relief application ("PCRA") that was denied by the trial court on April 5, 2004, with formal judgments being issued on April 13, 2004 and September 17, 2004. (St. ct. rec., vol. 1 of 5). A recitation of the remainder of

Smith's state court proceedings is unnecessary to resolve the matter at hand.

Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), state prisoners like Smith now have one year from the date that their convictions become final to timely seek federal habeas relief. Section 2244(d)(2) further provides that the time during which a prisoner has a properly filed application for post-conviction relief or other collateral review pending before the state courts is not counted against the one-year limitation period. Although the State has done so in this case, the one-year time bar may be raised by the Court <u>sua sponte</u>. <u>Kiser v. Johnson</u>, 163 F.3d 326, 328-29 (5th Cir. 1999).

As noted in the procedural history set forth above, subsequent to the date that the trial court denied Smith's motion to quash indictment/motion for new trial on October 18, 2002, he had no challenges to his conviction pending before the state courts until March 3, 2004, nearly seventeen months later, when he executed his formal PCRA. By that time, however, the §2244(d) limitation period had run its course, making his present petition untimely. Although Smith contends in his traverse to the State's response, that he appealed the trial court's October 18, 2002 order to the Louisiana

Fourth Circuit "... which was subsequently denied in 2003" and that he thereafter "... sought a writ of certiorari in the Louisiana Supreme Court, which was also denied in February 2004", that is simply not the case. (Rec. doc. 7, p. 2). Smith does not provide the Court with the docket numbers of any such writ applications and neither a review of the state court record nor the Court's independent research has revealed the existence of any such applications. Tellingly, up until the time that he submitted his traverse in this matter, Smith made no mention of the writs he now claims to have filed when reciting the procedural history of his criminal case in the various applications that he did file in the state courts and in his original federal habeas peittion. (<u>See</u> st. ct. rec., vol. 5 of 5). Smith's tolling argument thus has no basis in fact and appears to be nothing more than a recently-contrived response to the State's plea of untimeliness.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Seth A. Smith be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain

error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this  16th  day of _____July_____, 2007.

                                                                 *Alma L. Chasez*
                              UNITED STATES MAGISTRATE JUDGE